IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ATLANTIC SOUNDING CO., INC.                               PLAINTIFF
                                                   COUNTER/DEFENDANT

VERSUS                                       NO. 1:09cv346HSO/JMR

JIMMIE VICKERS                                            DEFENDANT
                                                   COUNTER/PLAINTIFF

VERSUS

WEEKS MARINE, INC.                                        DEFENDANT


MEMORANDUM BRIEF IN SUPPORT OF MOTION TO
STRIKE PORTIONS OF AFFIDAVIT OF THOMAS F. LANGAN


In the case of *Amie v. El Paso Independent School District*, 253 F.Ed.Appx. 447; 2007 U.S. App. LEXIS 26210 (5th Cir.), the Court reiterated the rule for the use of affidavits in support or opposition to motions for summary judgment must

> "be made...on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Citing FED. R. CIV. P. 56(e).

The Court went on to state that

> "Affidavits [that assert] personal knowledge must

>   include enough factual support to show that the affiant possesses that knowledge." Citing *El Deeb v. Univ. of Minn.*, 60F.3d 423, 428 (8th Cir. 1995).

Any facts which do not meet these necessary tests must be stricken and not considered either in support or opposition to a motion for summary judgment.

The rule was reiterated in the case *Thomas v. Atmos Energy Corp.*, 223 Fed Appx.369; 2007 U.S. App. LEXIS 6733, (5th Cir. 2007) at 373, wherein the Court struck evidence from an affidavit containing inadmissible hearsay and reiterated the holding that evidence used in an affidavit in support of or opposition to summary judgments must be facts that would be admissible in evidence at trial. The portions of the affidavit as set forth in the motion to strike clearly indicate that Mr. Thomas F. Langan failed to have personal knowledge of numerous facts which would be admissible in evidence.

THEREFORE, the Court should strike these and not consider them in ruling upon the motion for partial summary judgment.

                                    Respectfully submitted,


                                    　s/John L. Hunter　　　　　　
                                    JOHN L. HUNTER, Attorney
                                    for Defendant/Counter-Plaintiff
                                    MS BAR NO. 2913

C E R T I F I C A T E

    PLEASE TAKE NOTICE that pursuant to the Rules of this Court, I, JOHN L. HUNTER, do hereby certify that I electronically filed the Memorandum Brief in Support of Motion to Strike Portions of Affidavit of Thomas F. Langan with the Clerk of the Court using the ECF system which sent notification to the Plaintiff, Atlantic Sounding Co., Inc., by service upon Honorable Richard Salloum at rps@frslaw.com

    This the   1st    day of March, A.D., 2010.

                                        s/John L. Hunter
                                        JOHN L. HUNTER

JOHN L. HUNTER
CUMBEST, CUMBEST, HUNTER &
    McCORMICK, P.A.
Attorneys-at-Law
P.O. Drawer 1287
Pascagoula, MS  39568-1287
(228) 762-5422
FAX  228-762-4864