IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ATLANTIC SOUNDING COMPANY, INC. § | | PLAINTIFF |
| § | | |
| v. § | | Civil No.1:09CV346HSO-JMR |
| § | | |
| JIMMIE VICKERS, ET AL. § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING
DEFENDANT'S MOTION TO STRIKE PORTIONS OF AFFIDAVIT**

BEFORE THE COURT is the Motion of Defendant, Jimmie Vickers ["Vickers"], for Partial Summary Judgment, filed February 9, 2010 [30-1], pursuant to FED. R. CIV. P. 56 in the above-captioned cause, against Plaintiff, Atlantic Sounding Company ["Atlantic"]. Atlantic has filed a Response [37-1], and Vickers a Rebuttal [48-1]. Vickers has also filed a Motion to Strike Portions of Thomas F. Langan's Affidavit [46-1], to which Atlantic has filed a Response [52-1]. After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Vickers's Motion for Partial Summary Judgment must be denied. The Court further finds that Vickers's Motion to Strike Portions of Langan's Affidavit should be denied.

I. FACTS AND PROCEDURAL HISTORY

On or about June 8, 2009, Atlantic filed a Complaint [1-1] for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking the Court's determination of the following issues:

1) whether Vickers is a Jones Act seaman;

2) whether Vickers was injured as he claims on May 18, 2009;

3) whether Vickers reached maximum medical improvement;

4) whether Vickers willfully deserted his vessel without a justifiable reason; and

5) that if it is determined that Vickers was a Jones Act seaman, then based on his actions, he is not entitled to maintenance and cure under admiralty law.

*See* Pl's Compl. ¶ VIII, at p. 3.

On July 8, 2009, Vickers filed his Answer and asserted a Counter-Claim, pursuant to FED. R. CIV. P. 9 (h) and 13 [6-1]. Vickers seeks lost wages and maintenance and cure, on the grounds that:

> [u]nder general Maritime Law, a seaman who is injured during the course of the voyage is entitled to his wages for the remainder of the voyage which in this case have not been paid, is entitled to maintenance and cure until he reaches maximum medical recovery none of which has been provided although repeatedly requested. Counter-Plaintiff would show that he has suffered painful, disabling and what he believes to be permanent injuries as a proximate result of the unseaworthiness of the vessel and while serving as a seaman performing duties which contributed to the mission of the vessel, and that he has been willfully, wantonly, and capriciously denied maintenance and cure, and is entitled not only to receive same, as well as the wages for the remainder of the voyage, but also attorney fees, expenses, cost, and punitive damages as a result of the callous, willful, wanton and persistent refusal to pay maintenance and to provide cure.

*See* Def.'s Counter-Claim at p. 9-10.

Vickers moves for partial summary judgment on the grounds that there are no material facts in dispute to contradict his status as a Jones Act seaman. Thus, as a

matter of law, he contends that he is entitled to maintenance and cure for the injuries he allegedly suffered while serving as captain of, and operating, the M/V Pandora in navigable waters on or near Morgan City, Louisiana. *See* Def.'s Mot. for Summ. J. ¶ IV, at p. 2.

Atlantic argues that material fact questions exist, specifically whether:

> Mr. Vickers is entitled to maintenance and cure, including his failure to timely undergo the alcohol testing required by Atlantic Sounding and the U. S. Coast Guard and the prospect that had he undergone the alcohol testing in a timely fashion, the results may have indicated willful misconduct on his part at the time of the accident.

*See* Pl.'s Resp. to Mot. for Partial Summ. J. at p. 5.

## II. DISCUSSION

A.  Motion to Strike Portions of Affidavit

Vickers moves to strike portions of Thomas Langan's Affidavit, submitted in support of Atlantic's Response to the Motion for Partial Summary Judgment. Vickers argues that Langan lacks personal knowledge or is otherwise not competent to make the statements at issue. *See* Mot. to Strike filed March 1, 2010 [46-1]. Atlantic filed a Response in Opposition on March 8, 2010 [52-1]. Having reviewed the relevant submissions, including the Affidavit, the Court is of the opinion that Langan's statements, made in his capacity as Corporate Risk Manager for Atlantic, fall within the scope of his personal knowledge and experience due to his position with the company. Vickers's Motion to Strike should therefore be denied.

B.     Motion for Partial Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material.  *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).  With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment.  *See id.* (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial."  *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

The Court has considered both Vickers's maritime claims against Atlantic and Atlantic's request for declaratory relief, along with the evidence submitted by the

parties in support of their respective positions. Based on the current record and in light of the allegations raised and the evidence presented, material fact questions remain as to whether Vickers was a Jones Act seaman at the relevant times, and whether Atlantic properly terminated maintenance and cure payments to Vickers following the accident. Accordingly, summary judgment is not appropriate at this juncture.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Vickers's Motion to Strike Portions of Thomas F. Langan's Affidavit [46-1], filed February 9, 2010, should be and hereby is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, Vickers's Motion for Partial Summary Judgment [30-1], filed February 9, 2010, pursuant to FED. R. CIV. P. 56, should be and hereby is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of June, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE