IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| ATLANTIC SOUNDING COMPANY, INC. | § | PLAINTIFF |
|---|---|---|
| | § | |
| v. | § | Civil No.1:09CV346HSO-JMR |
| | § | |
| JIMMIE VICKERS, ET AL. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion of Defendant, Jimmie Vickers ["Vickers"], for Summary Judgment, filed August 16, 2010 [74-1], pursuant to FED. R. CIV. P. 56 in the above-captioned cause. Plaintiff, Atlantic Sounding Company ["Atlantic"] has filed a Response [76-1], and Vickers a Rebuttal [80-1]. After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Vickers's Motion for Summary Judgment should be denied.

## I. FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case were set forth by this Court in its Memorandum Opinion and Order entered June 11, 2010 [65-1], which denied Vickers's first Motion for Summary Judgment. Therefore, only the facts pertinent to the resolution of the present Motion will recounted here.

The Court conducted a Case Management Conference in this matter, and entered a Scheduling Order on September 29, 2009, setting this case on the Court's October, 2010, trial calendar. The Case Management Order set April 15, 2010, as the deadline for the filing of all dispositive motions. By Text Order dated December 12, 2009, the Court extended the dispositive motion deadline until May 15, 2010.

On February 9, 2010, Vickers, through counsel, filed a Motion for Partial Summary Judgment [30-1], which the Court denied on June 11, 2010 [64-1]. Vickers's attorney subsequently filed a Motion to Withdraw as counsel. Following a hearing conducted on August 19, 2010, the Court permitted the withdrawal. Vickers is currently proceeding *pro se* in this cause. On August 16, 2010, three months after the dispositive motion deadline, Vickers filed the instant Motion for Summary Judgment. This case is currently set for a Pretrial Conference on September 21, 2010, at 1:30 p.m.

## II. **DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 6(b)(2), "when an act may or must be done within a specified time, the court may, for good cause...extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(2). The determination of what constitutes "excusable neglect" is an equitable one. *Pioneer Investment Services, Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1993). The Court must take into account "all relevant circumstances surrounding the parties' omission," such as: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id*. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not

limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 392. Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. at 388.

Federal Rule of Civil Procedure 16(b) provides that once a scheduling order has been entered, it may be modified only where "good cause" is shown and with the judge's consent. FED. R. CIV. P. 16(b). The following four factors are considered in determining good cause: (1) the explanation for the failure to meet the deadline; (2) the importance of the item in question; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *Buckley v. Donohoe Ind. Inc.,* 100 Fed. App'x 275, 278 (5th Cir. 2004)(court denied motion to extend where party failed to seek extension until after the expiration of the scheduling deadline); *see also Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). "District courts are vested with broad discretion to determine their own dockets." *Edwards v. Cass County, Texas,* 919 F.2d 273, 275 (5th Cir. 1990).

Here, Vickers's Motion was filed three months after the expiration of the dispositive motion deadline and without obtaining leave of Court for filing beyond the imposed deadline. *See, e.g., Hernandez v. Brazoria County,* 21 F.3d 1108, 1109 (5th Cir. 1994). The Motion is clearly untimely and Vickers has made no serious attempt to show either good cause or excusable neglect for such a late filing. Moreover, the arguments set forth in Vickers's current Motion were previously considered and addressed by the Court in its Order [65-1] denying his earlier Motion for Partial Summary Judgment. The Court is of the opinion that the parties would be prejudiced

by any further delay in these proceedings occasioned by the filing of such an untimely and mostly redundant motion.  In sum, the balance of factors weighs against permitting the late filing.

Vickers has filed an out-of-time motion that presents arguments previously raised and considered.  Atlantic objects to the untimeliness of the instant Motion, and the Court finds that prejudice will result in granting leave at this juncture of the proceedings.  After consideration of the relevant factors, the Court concludes that Vickers has demonstrated neither good cause not excusable neglect to support the Court permitting him to file his Motion for Summary Judgment three months after the expiration of the dispositive motion deadline.  Nor has he shown that he is otherwise entitled to the relief sought in his Motion.

### III.  CONCLUSION

For the foregoing reasons, and based on the record as a whole, the Court concludes that Defendant's Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Vickers's Motion for Summary Judgment [74-1], filed August 16, 2010, pursuant to FED. R. CIV. P. 56,  should be and hereby is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 7th day of September, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE